IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM MASKELUNAS,
        Plaintiff
    v.
WEXFORD HEALTH SOURCE, INC.,
et al.,
        Defendants

Case No. 2:14-cv-369-KRG-KAP

Report and Recommendation

Recommendation

The remaining defendant, Paul Noel, M.D., has filed a motion for summary judgment at docket no. 34, with a brief and an appendix in support at docket no. 41, and a statement of facts at docket no. 40; plaintiff William Maskelunas, after a notice that he was delinquent in replying, filed a two-page response at docket no. 43. I recommend the motion for summary judgment be granted. Any claim for injunctive relief is moot since Maskelunas has been on parole since September 2014, and I address only Maskelunas' claim for damages.

Report

This is a matter where the procedural requirements of Fed.R.Civ.P. 56 need to be understood. Since Noel does not bear the burden of proof at trial, under Celotex Corp. v. Catrett, 477 U.S. 317 (1986), he needs only to identify those portions of the record that he believes demonstrate the absence of a genuine issue of material fact. It is then Maskelunas's duty as the non-moving party to make a sufficient showing of a genuine issue on the

essential elements as to which he has the burden of proof. See id. at 323.

In its 1986 trilogy of cases construing Fed.R.Civ.P. 56, the Supreme Court explained the purpose and procedure of summary judgment motions:

Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed.Rule Civ.Proc. 1 ... . Before the shift to "notice pleading" accomplished by the Federal Rules, motions to dismiss a complaint or to strike a defense were the principal tools by which factually insufficient claims or defenses could be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources. But with the advent of "notice pleading," the motion to dismiss seldom fulfills this function any more, and its place has been taken by the motion for summary judgment. **Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.**

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)(my emphasis). Where a motion for summary judgment puts a matter at issue, it is the non-moving party's duty to produce or point in the record to evidence as to that matter sufficient to allow a properly instructed jury (here, the relevant substantive law is the doctrine of deliberate indifference) to return a verdict for that party at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Maskelunas's complaint alleged that in December 2013 while he was an inmate at S.C.I. Pine Grove (he was there from April 2013 to September 2014) Dr. Noel, an agent of Wexford Health

2

Sources, Inc., countermanded approval of interferon and ribaviran treatment for Maskelunas' hepatitis C solely because of budgetary concerns. Maskelunas' theory of the case, from the filing of the complaint to his opposition to Noel's motion for summary judgment, is contained in two propositions: 1) that Noel countermanded the approval of treatment ordered for Maskelunas solely to avoid spending money and 2) "expense is no justification for denial of treatment," see docket no. 43 at 1. As the Supreme Court said in Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), if the factual context renders a party's claim implausible, that party "must come forward with more persuasive evidence to support their claim than would otherwise be necessary." Maskelunas does not present any evidence that Noel (or Wexford, for that matter) would have any financial incentive to save money, or that countermanding treatment would in fact save money (since for a serious medical need it would normally be the case that denial of treatment would only mean more expensive treatment later on), or that Noel in fact concluded that countermanding treatment would save money and acted as a result of that conclusion.

That last gap in Maskelunas' case is dispositive because for any claim for damages against Noel to proceed to a jury trial, there needs to be evidence creating a genuine dispute of fact that Noel:

> kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; [Noel] must both [have been] aware of facts from

3

which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have drawn] the inference. see Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Additionally, qualified immunity protects a defendant like Noel sued on the theory that by denying medical treatment he violated Maskelunas's rights under the Eighth Amendment. For Noel to lose the defense of qualified immunity, the law must be so sufficiently clear that "every" reasonable official would have understood that what Noel did violated a plaintiff's rights, Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2083 (2011)), and the contours of those rights must be "sufficiently definite" to place the matter "beyond debate". San Francisco v. Sheehan, 135 S. Ct. 1765, 1774 (2015).

Noel's evidence, in brief, is that Maskelunas was seen many times for many medical conditions while in the custody of the Pennsylvania Department of Corrections, particularly after coming to Pine Grove in April 2013.

Focusing only on the hepatitis C treatment, medical staff at Pine Grove were aware of Maskelunas's hepatitis C and that he had refused treatment for it. In July 2013, Maskelunas changed his stance and approached medical staff about being treated for hepatitis C. A nurse named Mary Helm discussed the treatment protocol with him and Maskelunas had various blood tests to assess his viral load between August and October 2013. A psychological

evaluation, part of the standard protocol before treatment, was scheduled and completed by August 2013.

There are several new treatments for hepatitis C, including Solvaldi, mentioned by Noel in his motion for summary judgment as having become available only in December 2013, and Harvoni, a drug that was only approved by the Food and Drug Administration for some hepatitis C infections in October 2014. These new treatments are notable both for their apparent success and for their expense, and there are numerous lawsuits pending nationwide (by inmates and by non-inmates) over how the cost of these treatments should be borne and how treatment shall be prioritized for those persons who cannot afford care themselves.

But in mid-2013, when Maskelunas sought care, there were several treatments for hepatitis C that had different lengths, and it was necessary for medical staff to know how long Maskelunas would be in prison to determine whether it made sense to start a particular treatment. And as mentioned, there were lab tests and psychological evaluations that needed to be completed under the Pennsylvania Department of Corrections's protocol. These were accomplished, and by October 2013 Noel had approved treatment for Maskelunas. Further approvals had to come from doctors at the Pennsylvania Department of Corrections before Maskelunas could be transferred to a prison providing an approved treatment.

Noel put Maskelunas' transfer to S.C.I. Forest for treatment on hold in December 2013 as result of a statewide directive from the Department of Corrections. The hold was due to the rapid change in treatment methods for hepatitis C, including the introduction of Solvaldi as a treatment. Treatment under the previously-approved protocol was continued for inmates already receiving treatment, but new treatments under the protocol approved for Maskelunas, because of their potential obsolescence and known risks and side-effects, were not begun. Noel did not have any input into this decision. This negates any liability on Noel's part.

Even if Noel (who approved treatment, it must be stressed) were not completely incapable of having the state of mind necessary for liability under Farmer v. Brennan, he would be protected by qualified immunity. Quite simply, when the treatment protocols for a serious condition (there is no dispute about the serious **condition**, but there is a subtle and nevertheless significant distinction between that and a serious medical **need**) are in flux, it is impossible for a medical care provider to know what the "contours," to use the term from Sheehan, of an inmate's rights are. To give a garden-variety example, anyone familiar with the controversy over estrogen replacement therapy saw the protocols for treatment reverse almost completely in a very short time. To claim it was medical negligence to stop using the old protocol as

a result of indications that a different treatment is better would be a stretch, but to claim deliberate indifference would be legally insupportable.

Right now I have the first few complaints (and there will be more) from inmates who seek treatment with Harvoni. Regardless of the eventual development of the Eighth Amendment law on the question of injunctive relief in those cases, qualified immunity law makes it impossible to impose liability for damages on medical providers trying to decide whether and when to use these new treatments. *A fortiori*, Noel cannot be held liable for implementing (not giving) orders to hold off on a potentially less effective treatment with known risks and side-effects during the time these new treatments were being studied.

Additionally, Noel opines that since Maskelunas' hepatitis C was a chronic condition with a 20-year plus history and since Maskelunas did not have any indications of acute need for treatment, Maskelunas did not suffer any harm from the cancellation of treatment under the existing protocols. Noel affidavit at ¶23. Maskelunas presents no evidence to the contrary on this point either. He does not even address the matter in his reply. No jury could possibly return a sustainable verdict for Maskelunas. Summary judgment should be entered for Noel.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to the recommendations contained herein.

DATE: 7 October 2015

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

William Maskelunas
565 Main Street
Schwenksville, PA 19473